UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08cv1769 IEG-(LSP) |
| ) | |
| Petitioner, ) | ORDER GRANTING PETITION TO |
| ) | ENFORCE INTERNAL REVENUE |
| v. ) | SUMMONSES |
| ) | |
| JEFF JUKES, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The United States has petitioned the Court for an order enforcing Internal Revenue Service Summonses issued to Jeff Jukes ("Respondent"). On October 2, 2008, the Court issued an amended order to show cause why the IRS summonses should not be judicially enforced. On October 16, 2008, the IRS served a copy of the order to show cause upon Respondent. Respondent did not file a response.

A hearing was held on the United States' petition on December 1, 2008, at 10:30 a.m. The IRS was represented by Assistant United States Attorney Raven M. Norris. Respondent appeared pro se. For the reasons explained herein, the United States' petition to enforce the summonses is GRANTED.

BACKGROUND

On June 14, 2007, Internal Revenue Service Officer Steve Silverman ("Officer Silverman"), issued two summonses to Respondent. [Declaration of Officer Silverman in Support of Petition, ("Silverman Decl."), ¶ 4.] The IRS is conducting an investigations into Respondent's ability to pay

1  the income tax liabilities assessed against him for the years 2000 through 2005 and to determine
2  Respondent's income tax liabilities for the years 2005, 2006, and 2007.  [Silverman Decl., ¶ 2.]  The
3  first summons related to income tax liabilities for the years 2000 through 2004.  [Id. at ¶ 3 and
4  Exhibit A.]  The second summons related to Respondent's continuing failure to file his income tax
5  returns for the tax years 2005 and 2006.  [Silverman Decl., ¶ 3 and Exhibit B.]

6  The summonses ordered Respondent to appear before the IRS on July 10, 2007.  On July 10,
7  2007, Respondent did not appear or provide any documents in accordance with the summonses.
8  [Silverman Decl., ¶ 5.]  The IRS provided Respondent another opportunity to comply with the
9  summonses and directed him to appear before Officer Silverman on January 8, 2008.  [Silverman
10 Decl., ¶ 7.]  Respondent did not appear as directed and failed to provide the required testimony and
11 other documents requested in the summonses.  [Id.]

12 On August 28, 2008, Officer Silverman served two additional summonses to Respondent to
13 obtain more recent information.  [Silverman Decl., ¶¶ 9, 10.]  The first additional summons related
14 to Respondent's ability to pay income tax liabilities for the years 2000 through 2005.  [Silverman
15 Decl., ¶ 9 and Exhibit C.]  The second additional summons related to Respondent's failure to file an
16 income tax return for the tax year 2007.  [Silverman Decl., ¶ 9 and Exhibit D.]  The additional
17 summonses directed Respondent to appear before Officer Silverman on September 17, 2008.
18 [Silverman Decl., ¶ 10 and Exhibits C-D.]  Respondent did not appear on September 17, 2008, and
19 did not provide the documents and testimony required by the summonses.  [Silverman Decl., ¶ 10.]

20 On September 26, 2008, the government petitioned the Court to enforce the summonses.  On
21 October 2, 2008, the Court set a hearing date for this matter and ordered Respondent to show cause
22 why he should not be compelled to comply with the IRS summonses.  The IRS served the order to
23 show cause on Respondent on October 16, 2008 and filed proof of service with the Court.
24 Respondent has not filed any written opposition to the United States' petition.

## DISCUSSION

26 Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books,
27 papers, records, or other data which may be relevant of material" in connection with "ascertaining

28

2

1  the correctness of any return, making a return where none has been made, determining the liability
2  of any person for any internal revenue. . . or collecting any such liability." Section 7602(a)(1)
3  authorizes the Secretary to issue summonses to compel persons in possession of such books, papers,
4  records, or other data to appear and produce the same and/or give testimony.

5  In order to obtain judicial enforcement of an IRS summons, the United States "must first
6  establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2)
7  seeks information relevant to that purpose; (3) seeks information that is not already within the IRS'
8  possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v.
9  United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58
10 (1964)). "The government's burden is 'a slight one' and typically is satisfied by the introduction of
11 the sworn declaration of the revenue agent who issued the summons that the Powell requirements
12 have been met." Fortney, 59 F.3d at 120 (citations omitted).  Once the government has made a prima
13 facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent
14 to show that enforcement of the summons would be an abuse of the court's process.  Powell, 379
15 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id.

16 The United States' petition and Officer Silverman's supporting declaration satisfies all four
17 elements of the Powell standard.  First, the IRS is conducting investigations with respect to
18 Respondent's ability to pay the income tax liabilities assessed against him for the years 2000
19 through 2005 and to determine Respondent's income tax liabilities for the years 2005, 2006, and
20 2007. [Silverman Decl., ¶ 2].  Such investigations are expressly authorized by 26 U.S.C. § 7602(a).
21 The Internal Revenue Code explicitly allows the issuance of summonses for the purpose of
22 determining "the liability of any person for any internal revenue tax...or collecting any such
23 liability.." 26 U.S.C. § 7602(a). [Id., ¶ 3, Exhibits A-D.]  Thus, the summonses were issued for a
24 legitimate purpose.  Second, Officer Silverman has declared in his affidavit that the information
25 requested by the summonses may be relevant to the IRS determination of the collectibility of
26 Respondent's assessed and unpaid income tax liabilities for 2000 through 2005 and his tax liabilities
27 for 2005, 2006 and 2007.  [Silverman Decl., ¶ 14.]  Third, the IRS does not already possess the
28

3

papers, records, and other data sought by the summonses issued to Respondent. [Id., ¶ 12.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summonses. [Id., ¶ 13.] Thus, the United States has made a prima facie showing that it is entitled to judicial enforcement of the summons.

At the time of the hearing, Respondent made no substantive argument why the summonses should not be enforced. Respondent indicated he would make every effort to comply with the summonses.

### CONCLUSION

For the reasons set forth herein, the United States' petition to enforce the IRS summons is GRANTED. Respondent, Jeff Jukes, is directed to appear before IRS Revenue Officer Steve Silverman or his designee, *on or before January 30, 2009, at 9:00 a.m.*, at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3293, San Diego, California, and to produce the documents and give testimony as directed in the summonses. The United States shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the United States, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.

**IT IS SO ORDERED.**

DATED: December 3, 2008

IRMA E. GONZALEZ, Chief Judge
United States District Court